43 F.3d 1465
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kenneth J. COLLINS, Petitioner,
v.
JEWELL RIDGE COAL CORPORATION; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 93-1587.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 8, 1994.
Decided Nov. 29, 1994.
 
 On Petition for Review of an Order of the Benefits Review Board. (88-1704-BLA)
 Before WIDENER, HALL, and HAMILTON, Circuit Judges.
 S.F. Raymond Smith, Rundle and Cooper, L.C., Pineville, WV, for petitioner.
 Michael F. Blair, Penn, Stuart, Eskridge & Jones, Abingdon, VA, for respondents.
 VACATED AND REMANDED.
 OPINION
 PER CURIAM:
 
 
 1
 Callie Collins, on behalf of Kenneth Collins, a former coal miner, seeks review of the Benefits Review Board's (Board) decision and order affirming the administrative law judge's (ALJ) denial of black lung benefits pursuant to 30 U.S.C.A. Secs. 901-45 (West 1986 & Supp.1994). The only issue in this case concerns the propriety of the ALJ's finding of rebuttal pursuant to 20 C.F.R. Sec. 727.203(b)(3). The ALJ based his rebuttal finding entirely on the report of Dr. Garzon, because he was the only physician of record to address the issue of disability. Collins contends that Dr. Garzon's report is insufficient to establish rebuttal pursuant to subsection (b)(3).
 
 
 2
 Dr. Garzon examined the miner and submitted medical reports in 1981 and 1984, respectively. During 1982, he provided deposition testimony. In 1981, Dr. Garzon found chronic bronchitis, basilar pulmonary emphysema, and possible pneumoconiosis. He found that the miner's pulmonary function tests demonstrated the absence of any significant pulmonary impairment, but also opined that whether the miner's pulmonary problems were severe enough to prevent him from returning to his previous work or similar work was a "questionable point," in view of the miner's abnormal blood gas studies. He stated that further blood gas studies would be needed to make this determination.
 
 
 3
 Dr. Garzon performed additional blood gas tests later in 1981. At his deposition, he stated that based on the results of those tests, in conjunction with the other data available to him, he believed that the miner "did have a pulmonary problem but that this was not severe enough to interfere with his work." He further testified that he would not place any restrictions on the miner's ability to perform manual labor from a respiratory or pulmonary standpoint. Moreover, while he attributed most of the miner's chronic bronchitis, which he viewed as the miner's main pulmonary problem, to smoking, he conceded that coal mine employment was at least partially responsible for this condition.
 
 
 4
 In 1984, Dr. Garzon performed another physical examination, and conducted additional objective studies. He opined that this information provided no evidence of a significant pulmonary impairment. He continued to believe that chronic bronchitis was the miner's primary pulmonary problem, but that it was not severe enough to prevent him from returning to his previous work or similar work.
 
 
 5
 On appeal, Collins contends that Dr. Garzon failed to adequately explain his conclusions in light of his underlying documentation, and that his reports fail to reflect the requisite understanding of the miner's job requirements. We disagree with these assertions. Dr. Garzon's conclusions were based on a variety of data, as discussed, and he properly related that data to his ultimate conclusions. Moreover, contrary to Collins's contention, his reports adequately reflect his familiarity with the miner's job positions and duties. In any event, we note that this argument is raised for the first time on appeal, and thus has not been properly preserved for our review. See South Carolina v. United States Dep't of Labor, 795 F.2d 375, 378 (4th Cir.1986); Cox v. Benefits Review Bd., 791 F.2d 445, 446-47 (6th Cir.1986).
 
 
 6
 Although we reject Collins's assertions that Dr. Garzon's report may not be properly credited, we find that the ALJ has made insufficient findings to support subsection (b)(3) rebuttal in this case under the standards recently announced in our decision in Grigg v. Director, Office of Workers' Compensation Programs, 28 F.3d 416 (4th Cir.1994). A party opposing entitlement may establish subsection (b)(3) rebuttal only by "ruling out" any connection between disability and coal mine employment. See Thorn v. Itmann Coal Co., 3 F.3d 713, 718 (4th Cir.1993); Bethlehem Mines Corp. v. Massey, 736 F.2d 120, 123 (4th Cir.1984). Grigg considered whether medical opinions finding no respiratory or pulmonary impairment, or no significant or totally disabling respiratory or pulmonary impairment, were sufficient to meet this standard. Grigg holds that the first kind of opinion may establish rebuttal, but that findings of the latter sort do not sever the presumed connection between disability and coal mine employment. Grigg, 28 F.3d at 419.
 
 
 7
 In this case, the ALJ's rebuttal finding rested upon his notation that "none of the physicians who examined the claimant found that he had a disabling pulmonary or respiratory impairment," together with the ALJ's determination that the objective studies also failed to reveal a disabling impairment. In affirming the ALJ, the Board noted that Dr. Garzon stated, during his deposition, that he would place no restrictions on the miner's ability to perform manual labor from a respiratory or pulmonary standpoint, and that he attributed the miner's chronic bronchitis primarily to his smoking history.
 
 
 8
 As they stand, the ALJ's findings are insufficient to support subsection (b)(3) rebuttal under Grigg, because he merely found the absence of a totally disabling respiratory or pulmonary impairment. However, Dr. Garzon's finding that the miner's respiratory and pulmonary diseases translate into no restriction on the miner's capacity to perform manual labor could, conceivably, be interpreted as a finding that the miner has no respiratory or pulmonary impairment. Neither we, nor the Board, however, can make that factual determination. Moreover, while Dr. Garzon did attribute the miner's bronchitis primarily to his smoking history, he also conceded at his deposition that coal mine employment at least partially contributed to this pulmonary problem. As such, his comments in this vein clearly fail to establish rebuttal under Massey.
 
 
 9
 We therefore vacate the decision of the Board, and remand this case to the Board for further remand to the ALJ with instructions to reconsider the sufficiency of Dr. Garzon's report to establish subsection (b)(3) rebuttal in accordance with our decision in Grigg and this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 VACATED AND REMANDED WITH INSTRUCTIONS