48 F.3d 1218
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Noah VANDYKE, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor; Faith Coal Company;
Old Republic Insurance Company, Respondents.
 No. 93-1465.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 28, 1995.
Decided March 10, 1995.
 
 Noah Vandyke, petitioner pro se. Patricia May Nece, Cathryn Celeste Helm, United States Department of Labor, Washington, DC; Mark Elliott Solomons, Laura Metcoff Klaus, Arter & Hadden, Washington, DC, for respondents.
 Before WIDENER, HALL, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Noah Vandyke seeks review of the Benefits Review Board's (Board) decision and order affirming the administrative law judge's (ALJ) denial of his application for black lung benefits pursuant to 30 U.S.C.A. Secs. 901-45 (West 1986 & Supp.1994). The ALJ evaluated Vandyke's claim under 20 C.F.R. Part 727, and found the evidence of record sufficient to invoke the interim presumption of entitlement pursuant to 20 C.F.R. Sec. 727.203(a)(1) (1994), but also sufficient to establish rebuttal of the presumption under 20 C.F.R. Sec. 727.203(b)(2) (1994). The Board found that, while the ALJ's finding that the evidence did not establish that Vandyke suffered from a totally disabling respiratory impairment was insufficient to support subsection (b)(2) rebuttal in view of our decision in Sykes v. Director, Office of Workers' Compensation Programs, 812 F.2d 890, 893-94 (4th Cir.1987), his findings were sufficient to support rebuttal if transferred to subsection (b)(3). In the Board's view, the evidence established the absence of any respiratory impairment, rather than merely the absence of a totally disabling respiratory impairment, and therefore established subsection (b)(3) rebuttal as a matter of law under the Board's decision in Marcum v. Director, Office of Workers' Compensation Programs, 11 BLR 1-23 (1987).
 
 
 2
 In our recent decision in Grigg v. Director, Office of Workers' Compensation Programs, 28 F.3d 416 (4th Cir.1994), we agreed with the logic of Marcum to the extent that it holds that a finding of no respiratory or pulmonary impairment rules out any connection between total disability and coal mine employment, and therefore may support rebuttal under subsection (b)(3). Grigg, 28 F.3d at 419. We further warned, however, that medical opinions which "merely state that the miner's impairment is not disabling in and of itself" would be insufficient to establish subsection (b)(3) rebuttal. Id. Such opinions fall short of meeting the burden of the party opposing entitlement to "rule out" any connection between the miner's presumed total disability due to coal mine employment. See Thorn v. Itmann Coal Co., 3 F.3d 713, 718 (4th Cir.1993); Bethlehem Mines Corp. v. Massey, 736 F.2d 120, 123 (4th Cir.1984).
 
 
 3
 In this case, the ALJ never considered whether the medical opinions of record established the absence of any respiratory or pulmonary impairment. Rather, the ALJ found the medical opinion evidence insufficient to support Vandyke's burden to affirmatively establish a totally disabling respiratory impairment under subsection (a)(4) on invocation, and sufficient to meet Faith Coal Company's (employer) burden, as the ALJ viewed employer's burden under subsection (b)(2), of proving the absence of a totally disabling respiratory impairment. Although the Board found that the physician's reports relied on by the ALJ to find subsection (b)(2) rebuttal would also establish subsection (b)(3) rebuttal as a matter of law, we cannot agree with this conclusion.
 
 
 4
 The ALJ relied on the opinions of Drs. Garzon, Endres-Bercher, Stewart, and Fino in finding subsection (b)(2) rebuttal. Dr. Garzon's finding of a mild pulmonary impairment due to bronchitis and pneumoconiosis attributable to smoking and coal dust exposure clearly does not rule out coal mine employment as a contributor to the miner's disability and is insufficient, as a matter of law, to establish subsection (b)(3) rebuttal, even before Grigg. By contrast, because Dr. Fino expressly found no respiratory or pulmonary impairment whatsoever, the language of his opinion tends to support subsection (b)(3) rebuttal under Grigg. Because, however, Dr. Fino was a nonexamining physician, his opinion cannot establish rebuttal unless the ALJ finds that his conclusions have also been addressed by an examining physician. See Malcomb v. Island Creek Coal Co., 15 F.3d 364, 369-70 (4th Cir.1994).*
 
 
 5
 Drs. Stewart and Endres-Bercher each examined the miner more than once, and each opined that the miner could return to his usual coal mine employment from a respiratory standpoint, but neither expressly found the absence of any respiratory or pulmonary impairment. Rather, the physicians appeared to believe that the miner may have some pulmonary problems, but that they are attributable to his ischemic heart disease. Dr. Stewart further stated that he would not attribute the miner's dyspnea to smoking, chronic obstructive pulmonary disease, or coal workers' pneumoconiosis.
 
 
 6
 While the opinions of Drs. Stewart and Endres-Bercher may ultimately support a finding of subsection (b)(3) rebuttal, they do not clearly establish the absence of any respiratory or pulmonary impairment, and therefore do not establish subsection (b)(3) rebuttal as a matter of law. Whether the reports are otherwise sufficient to establish subsection (b)(3) rebuttal is a factual determination which has not yet been addressed by the ALJ. Under these circumstances, remand is required. Id. at 370. Accordingly, the decision of the Board is vacated, and this case is remanded to the Board for further remand to the ALJ for further proceedings consistent with this opinion. We note that, since the ALJ will be considering the cause of the miner's impairment for the first time on remand, he should consider all evidence relevant for this issue, including Vandyke's physician's reports. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 VACATED AND REMANDED WITH INSTRUCTIONS
 
 
 *
 Dr. Fino also opined that even if the miner has pneumoconiosis, it did not contribute to any abnormality in the miner's pulmonary function