50 F.3d 6
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Talmage DOTSON, Petitioner,
v.
JEWELL RIDGE COAL CORPORATION; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 93-1896.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 2, 1994.
Decided Mar. 20, 1995.
 
 Talmage Dotson, petitioner pro se. Michael Francis Blair, Penn, Stuart, Eskridge & Jones, Abingdon, VA; Cathryn Celeste Helm, Barbara J. Johnson, United States Department of Labor, Washington, DC, for respondents.
 Before HAMILTON, WILLIAMS, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Talmage Dotson seeks review of the Benefits Review Board's (Board) decision and order affirming the administrative law judge's (ALJ) decision to deny his application for black lung benefits pursuant to 30 U.S.C.A. Secs. 901-45 (West 1986 & Supp.1994). On April 26, 1994, this case was placed in abeyance pending our decision in Grigg v. Director, Office of Workers' Compensation Programs, 28 F.3d 416 (4th Cir.1994), which held that, under limited circumstances, evidence that a miner suffers from no respiratory or pulmonary impairment is sufficient to rebut the interim presumption found at 20 C.F.R. Sec. 727.203(a) (1994), pursuant to Sec. 727.203(b)(3) (1994). In its fourth and final decision in this case, the Board held that Dr. Garzon's medical opinions established the absence of any respiratory impairment and, accordingly, established subsection (b)(3) rebuttal in this case. After reviewing Dr. Garzon's reports, we cannot agree with the Board's conclusion that they are sufficient to establish rebuttal.
 
 
 2
 Dr. Garzon found no evidence of a significant pulmonary disability, and opined that, from a respiratory standpoint, Dotson could return to his usual coal mine work as a foreman. Contrary to the Board's conclusion, Dr. Garzon's opinion does not find the absence of any respiratory or pulmonary impairment, but merely finds the absence of a respiratory impairment which is totally disabling. Such a finding is insufficient to establish rebuttal pursuant to subsection (b)(3) under Grigg. Id. at 419. Moreover, Grigg further instructs that rebuttal under subsection (b)(3) based on a finding of no respiratory or pulmonary impairment is unavailable where, as in this case, the interim presumption was invoked pursuant to subsection (a)(4). Id. It defies logic to find rebuttal based on a finding that the party opposing entitlement has proven the absence of any respiratory or pulmonary impairment after an ALJ has found that a claimant has proven by a preponderance of the evidence that he has a totally disabling respiratory or pulmonary impairment.
 
 
 3
 We are cognizant that Dotson never proved by a preponderance of the evidence that he suffered from a totally disabling respiratory or pulmonary impairment in this case. Rather, the ALJ found subsection (a)(4) invocation on the basis of our holding in Stapleton v. Westmoreland Coal Co., 785 F.424 (4th Cir.1986), which required invocation based on a single piece of qualifying evidence. Although Stapleton had been overruled in Mullins Coal Co. v. Director, Office of Workers' Compensation Programs, 484 U.S. 135 (1987), by the time this case was appealed to the Board, the Board affirmed the ALJ's finding of subsection (a)(4) invocation on the ground that the employer did not challenge that finding on appeal, but merely urged the Board to affirm the ALJ's rebuttal finding. Because of this procedural evolution, Dotson established invocation even though the Board ultimately found that, in weighing the medical opinion evidence, the ALJ properly rejected the only medical reports of record which could establish a totally disabling respiratory or pulmonary impairment, and properly credited Dr. Garzon's report instead.
 
 
 4
 While we note the source of the incongruities which have developed in this case, we decline to reconcile them on appeal. We confine our review to the grounds upon which the agency based its action. Grigg, 28 F.3d at 418. For reasons we have discussed, we are unable to affirm on the reasoning employed by the Board. We therefore vacate the decision of the Board, and remand in order that it may resolve the problems we have discussed, and determine whether further weighing of the medical evidence by an ALJ is necessary.
 
 VACATED AND REMANDED