70 F.3d 112
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Monroe K. LAMBERT, Petitioner,
v.
ITMANN COAL COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 95-2043.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 24, 1995.
Decided Nov. 20, 1995.
 
 On Petition for Review of an Order of the Benefits Review Board. (94-758-BLA)
 Before WILKINS, LUTTIG, and MOTZ, Circuit Judges.
 S.F. Raymond Smith, RUNDLE & RUNDLE, L.C., Pineville, West Virginia, for Petitioner. Mary Rich Maloy, JACKSON & KELLY, Charleston, West Virginia, for Respondents.
 Ben.Rev.Bd.
 AFFIRMED.
 OPINION
 PER CURIAM:
 
 
 1
 Monroe Lambert seeks review of the Benefits Review Board's (Board) decision and order affirming the administrative law judge's (ALJ) denial of black lung benefits pursuant to 30 U.S.C.A. Secs. 901-45 (West 1986 & Supp.1995). While this case has a lengthy procedural history, the only issue remaining on appeal is the propriety of the ALJ's finding that the Respondent, Itmann Coal Company (employer), successfully rebutted the interim presumption of entitlement pursuant to 20 C.F.R. Sec. 727.203(b)(3) (1995). Under subsection (b)(3), the party opposing entitlement must rule out any connection between the miner's presumed total disability and his coal mine employment. See Thorn v. Itmann Coal Co., 3 F.3d 713, 718 (4th Cir.1993); Bethlehem Mines Corp. v. Massey, 736 F.2d 120, 123 (4th Cir.1984). Because pneumoconiosis causes only respiratory and pulmonary problems, an opinion which finds the absence of any respiratory or pulmonary impairment is sufficient to prove that there is no connection between the miner's presumed total disability and his coal mine employment. See Grigg v. Director, Office of Workers' Compensation Programs, 28 F.3d 416, 418-19 (4th Cir.1994). In this case, the ALJ relied on the medical opinions of Drs. Kress, Morgan, and Fino to find that the employer proved the absence of any connection between disability and coal mine employment.
 
 
 2
 On appeal, Lambert contends that these reports were insufficient to support rebuttal as a matter of law under our decision in Grigg. Lambert challenges these physicians' ability to render a credible opinion regarding whether the miner's disability was due to pneumoconiosis because, contrary to the finding of the ALJ, these physicians opined that the miner did not have pneumoconiosis. We find that Lambert misconstrues the Grigg decision.
 
 
 3
 A physician's opinion regarding a particular issue or element may be discredited where his improper bias provides the actual basis for his opinion. See Dehue Coal Co. v. Ballard, 65 F.3d 1189, 1193-95 (4th Cir.1995); Hobbs v. Clinchfield Coal Co., 45 F.3d 819, 821 (4th Cir.1995); Adams v. Peabody Coal Co., 816 F.2d 1116, 1119 (6th Cir.1987). Thus, in Grigg, we held that a physician's opinion that a miner has no impairment is not worthy of much, if any weight, where the physician "premised [his opinion] on an erroneous finding that the claimant does not suffer from pneumoconiosis." Grigg, 28 F.3d at 419. In Ballard, however, we rejected the contention that a physician's erroneous assumption that a miner does not have pneumoconiosis automatically discredits his opinion regarding the etiology of the miner's impairment or disability. See Ballard, 65 F.3d at 1193-94.
 
 
 4
 The Board considered the sufficiency of all three physicians' reports at issue under Grigg, and found only the ALJ's reliance on Dr. Morgan's report to be "questionable." Although the Board did not elaborate on the reasons for its conclusion, we agree with its determination that the remaining reports of Drs. Kress and Fino are legally sufficient to support subsection (b)(3) rebuttal under Grigg, as these reports leave no doubt that the physicians' opinions regarding the existence of pneumoconiosis were entirely independent of their findings regarding the presence and cause of respiratory impairment.
 
 
 5
 In 1979, Dr. Kress opined that the miner "may or may not have very minimal degree of coal workers' pneumoconiosis," but further stated that if he did have pneumoconiosis, "it is obviously not producing any impairment or disability." After reviewing further data in 1988, Dr. Kress stated that new but incomplete objective data might reveal the presence of some recently acquired impairment, but that in view of the pattern of that impairment, coupled with the fact that the miner had not worked in the mines since 1975, any such impairment would have to be attributed to the miner's lengthy smoking history and could not be due to pneumoconiosis. While Dr. Kress believed the evidence was insufficient to support a finding of pneumoconiosis, there is no hint in his comments regarding the presence or cause of the miner's impairment that his views regarding the latter issues were premised on his views concerning the presence of pneumoconiosis.
 
 
 6
 Dr. Fino's reports are even more clearly sufficient to establish rebuttal under Grigg. In one report, he found that "even if this man does have radiographic pneumoconiosis, the valid objective data has clearly shown no respiratory impairment." In another report, he stated that even assuming hypothetically that the miner had pneumoconiosis, it would still be clear that his pneumoconiosis had produced "absolutely no respiratory impairment." His reports discuss, in great detail, his view that the presence of impairment can only be found through examination of objective studies such as pulmonary function studies and blood gas studies, leaving no doubt that he considered the impairment issue on its own merits, rather than relying on his view that the miner did not have pneumoconiosis.
 
 
 7
 Lambert's only other challenge to the employer's reports is that these physicians somehow erred by rejecting pulmonary function studies which they found to be invalid, and by instead crediting other studies, believed to be valid, which reflected the absence of any respiratory impairment. Although Lambert cites to our decision in Thorn in support of this contention, nothing in Thorn prohibits a physician from rejecting an objective study he believes to be invalid. The employer's physicians did nothing more in this case, and Lambert does not argue that the physicians erred in determining the validity or invalidity of any particular study.
 
 
 8
 We therefore conclude that substantial evidence supports the ALJ's finding of subsection (b)(3) rebuttal. Accordingly, the decision of the Board is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED