Filed:  February 12, 1996

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

─────────────

No. 95-1169
(88-2163-BLA)

─────────────

Virginia L. Billips, etc.,

Petitioner,

versus

Bishop Coal Company, et al,

Respondents.

─────────────

O R D E R

─────────────

The Court amends its opinion filed January 31, 1996, as follows:

On page 4, first full paragraph, line 4 -- the opening quotation mark before the word "where" is deleted.

For the Court - By Direction

/s/ Bert M. Montague

─────────────
Clerk

UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

VIRGINIA L. BILLIPS, widow of Harry
E. Billips, deceased,
<u>Petitioner,</u>

v.

No. 95-1169

BISHOP COAL COMPANY; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
<u>Respondents.</u>

On Petition for Review of an Order
of the Benefits Review Board.
(88-2163-BLA)

Argued: October 31, 1995

Decided: January 31, 1996

Before MURNAGHAN and NIEMEYER, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Lawrence Lee Moise, III, VINYARD & MOISE, Abing-
don, Virginia, for Petitioner. Douglas Allan Smoot, JACKSON &
KELLY, Charleston, West Virginia, for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Virginia Billips, widow of Harry Billips, petitions for review of a decision and order of the Benefits Review Board (the Board), affirming the administrative law judge's (ALJ) denial of benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901-945. Billips contends that the ALJ and the Board applied the incorrect legal standard. She also argues that the ALJ's finding that the miner's pneumoconiosis was not a contributing factor in his total disability or death was not based upon substantial evidence. Because we conclude that the ALJ articulated and applied the correct legal test, considered the medical evidence of record, and supported his conclusion with four reliable and persuasive medical opinions, we affirm.

I

Harry Billips worked in coal mines for approximately 29 years. He ceased working in August 1979 due to a strike, and three months later, he died of liver failure. Virginia Billips filed a survivor's claim for black lung benefits on January 4, 1980.

Initially, the ALJ found that under 20 C.F.R. § 727.203(a), the interim presumption of total disability or death due to pneumoconiosis was established because Billips worked in coal mines for more than ten years and the autopsy reports concluded that he had pneumoconiosis. The ALJ stated in his decision that it was "evident" that Bishop Coal Company could not rebut this presumption under § 727.203(b)(3), which requires the employer to show that pneumoconiosis was not a causative factor in the miner's total disability or death. But because the ALJ failed to discuss any of the medical opinions to support this conclusion, the Board remanded the case so that the ALJ could reconsider the issue of causation.

2

On remand, a second ALJ considered the medical evidence in deciding the § 727.203(b)(3) rebuttal issue. Three pathologists, Drs. Hansbarger, O'Connor, and Kleinerman, had reviewed Billips' autopsy slides and medical records. Each one concluded that Billips had "simple" coal workers' pneumoconiosis[1] but that it did not interfere with Billips' respiratory function or contribute to his death. The ALJ placed great weight on the opinion of Dr. Kleinerman because he was the chairman of the panel of pathologists that established the criteria for the diagnosis of coal workers' pneumoconiosis. Dr. Kleinerman concluded:

> [T]he simple coalworker's pneumoconiosis present in the lungs of the decedent did not interfere with respiratory function and did not cause respiratory impairment and did not interfere with his ability to perform his usual work as a coal-miner.

Dr. Kress, an industrial pulmonary expert who reviewed the medical evidence, also concluded that Billips had no pulmonary impairment attributable to pneumoconiosis and that his death was not due to the disease. Dr. Kress noted that Billips' lungs were described as being normal by physical examination on admission to the hospital. Only Dr. Emory Robinette concluded that Billips, in addition to having pneumoconiosis, was suffering from a mild pulmonary impairment. He stated that it was "apparent" that Billips' pulmonary problems, which were "directly related to his coal worker's pneumoconiosis," contributed to his death. Dr. Robinette's credentials were not introduced into the record, and the ALJ found that his conclusions were unsupported and therefore gave them "little weight in view of the substantial other evidence."

After reviewing all of the medical evidence, the ALJ found that pneumoconiosis was not a contributing cause of Billips' total disability or death. The Board affirmed, and this appeal followed.

---

[1] Simple pneumoconiosis is "generally regarded by physicians as seldom productive of significant respiratory impairment." Dehue Coal Co. v. Ballard, 65 F.3d 1189, 1191 n. 1 (4th Cir. 1995), (quoting Usery v. Turner Elkhorn Mining Co., 428 U.S. 1, 7 (1976)).

3

II

The interim presumption of eligibility for benefits can be rebutted if the evidence "establishes that the total disability or death of the miner did not arise in whole or in part out of coal mine employment." 20 C.F.R. § 727.203(b)(3). To rebut this presumption where the combined effects of several diseases disable the miner, the employer must establish that pneumoconiosis was not a causative factor in the miner's total disability or death. Bethlehem Mines Corp. v. Massey, 736 F.2d 120, 122-24 (4th Cir. 1984) (holding that physician's opinion that cigarette smoking, not miner's pneumoconiosis, caused miner's pulmonary disability was insufficient because physician relied exclusively on others' inconclusive medical opinions); see also Grigg v. Director, OWCP, 28 F.3d 416, 419-20 (4th Cir. 1994) (emphasizing that Massey test is the law of this circuit). Substantial evidence that reveals a coal miner's respiratory or pulmonary impairment, but nevertheless demonstrates that an ailment other than pneumoconiosis was the sole cause of the miner's total disability or death, can rebut the presumption.[2] See Massey, 736 F.2d at 124; cf. Dehue Coal Co. v. Ballard, 65 F.3d 1189, 1193-94 (4th Cir. 1995) (holding that evidence supported ALJ's determination that coal miner, affected by simple pneumoconiosis but disabled by lung cancer, was not "totally disabled due to pneumoconiosis" under 20 C.F.R. § 718.204).

III

Virginia Billips contends that the ALJ and the Board erred as a matter of law. Specifically, she argues that the ALJ failed to apply the Massey test in reviewing the § 727.203(b)(3) rebuttal issue, and the Board incorrectly applied the law in reviewing the ALJ's findings. She also contends that the ALJ's findings are not supported by substantial evidence.

_____

[2] A finding that a miner has no pulmonary impairment could be sufficient to establish (b)(3) rebuttal, but the relevant medical opinion must "unequivocally state" that the miner suffers no respiratory or pulmonary impairment of any kind. See Grigg v. Director, OWCP, 28 F.3d 416, 419-20 (4th Cir. 1994); Curry v. Beatrice Pocahontas Coal Co., 67 F.3d 517 (4th Cir. 1995).

4

Although the ALJ did not cite <u>Massey</u>, he repeatedly articulated and applied the test that it prescribes, stating:

> [T]he coal company may show that total disability and death were not related to pneumoconiosis . . . .

> * * *

> The evidence establishes that the total disability and death of the miner did not arise out of coal mine employment. . . . All [of the foregoing medical opinions] are united in the opinion that <u>pneumoconiosis played no part</u> in Mr. Billips' disability or death.

> * * *

> I find that the disability and death of Harry Billips were not related to his pneumoconiosis.

(Emphasis added). Thus, while the ALJ may have failed to cite <u>Massey</u>, that fact is immaterial if he properly applied the <u>Massey</u> test.

In reviewing the ALJ's decision, the Board concluded that there was substantial evidence to support the finding that "pneumoconiosis did not contribute in any way to the miner's death, thereby satisfying the <u>Massey</u> standard." Billips argues that the Board failed to review evidence regarding the causes of the miner's "total disability," and only reviewed the evidence regarding his death. This, however, overstates the record. The ALJ, applying the correct test, evaluated the cause for both disability and death, and the Board affirmed, concluding that the ALJ's finding was supported by substantial evidence. The failure of the Board to discuss "total disability" in this context is harmless since its affirmance was based on the conclusion that the ALJ's findings were supported by substantial evidence.

Finally, Virginia Billips contends that the ALJ's finding of rebuttal is not supported by substantial evidence. To address this question, we engage in an independent review of the record to determine whether the Board was correct in finding that there is substantial evidence to

5

support the ALJ's factual findings. See Wilson v. Benefits Review Bd., 748 F.2d 198, 199-200 (4th Cir. 1984).

While Dr. Robinette's opinion concluded that pneumoconiosis was a contributing cause of Billips' total disability or death, the four other medical opinions concluded uniformly that Billips' total disability or death was caused by severe cirrhosis of the liver, associated with the miner's heavy alcohol abuse. The ALJ found Dr. Robinette's medical opinion unpersuasive because it included pneumoconiosis in a "laundry list" of non-coal dust related maladies "and implie[d] that they played a significant role in his morbidity." The ALJ found that Dr. Robinette's assertion "is disingenuous for his statement would apply even if pneumoconiosis played no part."

Because the ALJ's finding--that Bishop Coal Company rebutted the interim presumption of eligibility for benefits--is supported by substantial evidence, we affirm the Board's order.

AFFIRMED

6