**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

HUBERT J. WARD,
Petitioner,

v.

No. 95-2888

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,
Respondent.

On Petition for Review of an Order
of the Benefits Review Board.
(90-1115-BLA)

Submitted: September 17, 1996

Decided: November 21, 1996

Before NIEMEYER, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Lawrence L. Moise, III, VINYARD & MOISE, Abingdon, Virginia,
for Appellant. Donald S. Shire, Associate Solicitor, Patricia May
Nece, Counsel for Appellate Litigation, Eileen M. McCarthy, Office
of the Solicitor, UNITED STATES DEPARTMENT OF LABOR,
Washington, D.C., for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Hubert Ward seeks review of the Benefits Review Board's (Board) decision and order affirming the administrative law judge's (ALJ) denial of his application for black lung benefits pursuant to 30 U.S.C. §§ 901-45 (1994). The issue on appeal is whether Dr. Daniel's medical opinion is sufficient to rebut, pursuant to 20 C.F.R. § 727.203(b)(3) (1996), the interim presumption invoked in this case under 20 C.F.R. § 410.490(b) (1996).

Because Dr. Daniel made clear in his deposition testimony that he believed Ward to have no respiratory or pulmonary impairment at all, we agree with the Director, Office of Workers' Compensation Programs (Director), that Dr. Daniel's opinion is legally sufficient to support subsection (b)(3) rebuttal. See Grigg v. Director, Office of Workers' Compensation Programs, 28 F.3d 416, 419 (4th Cir. 1994). Moreover, we reject Ward's contention that Dr. Daniel's finding of no pneumoconiosis dooms his report because such finding was contrary to the ALJ's finding that Ward established the disease. First, the ALJ's finding of pneumoconiosis, based on X-rays, is not necessarily inconsistent with a finding of no impairment, which is made on the basis of different data. See Koppenhaver v. Director, Office of Workers' Compensation Programs, 864 F.2d 287, 288 (3d Cir. 1988). Second, Dr. Daniel's finding of no impairment is not problematic unless it was actually predicated on the erroneous assumption that pneumoconiosis was absent. See Dehue Coal Co. v. Ballard, 65 F.3d 1189, 1193-95 (4th Cir. 1995). Because Dr. Daniel explicitly stated in his deposition that his opinion would be the same even assuming that the miner had pneumoconiosis, it is clear that his finding of no impairment was made independently of his findings regarding the presence of pneumoconiosis.

Finally, Ward contends that Dr. Daniel improperly found no connection between Ward's chronic obstructive pulmonary disease and

2

his coal dust exposure based on his erroneous view that pneumoconiosis or coal dust exposure does not cause obstructive impairment. Assuming Ward's claim to be true, however, this fact would not undercut the validity of Dr. Daniel's finding of no impairment, which effectively rules out any connection between the miner's presumed disability and his coal mine employment, and therefore establishes rebuttal under subsection (b)(3). See Grigg, 28 F.3d at 419.

Accordingly, the decision of the Board is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3