**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BERNARD SHREWSBERRY,
<u>Petitioner,</u>

v.

WESTMORELAND COAL COMPANY,

No. 95-3203

INCORPORATED; DIRECTOR, OFFICE OF
WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF
LABOR,
<u>Respondents.</u>

On Petition for Review of an Order
of the Benefits Review Board.
(94-2528-BLA)

Argued: December 5, 1996

Decided: January 7, 1997

Before WILKINSON, Chief Judge, and
ERVIN and HAMILTON, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** S. F. Raymond Smith, RUNDLE & RUNDLE, L.C.,
Pineville, West Virginia, for Petitioner. Douglas Allan Smoot, JACK-
SON & KELLY, Charleston, West Virginia, for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bernard Shrewsberry (Shrewsberry) seeks review of the Benefits Review Board's (Board) decision and order affirming the administrative law judge's (ALJ) denial of his application for black lung benefits, see 30 U.S.C. §§ 901-45. For reasons that follow, the petition for review is denied.

I

From November 1949 to January 1973, Shrewsberry worked as a machinist for Westmoreland Coal Company. Since then, Shrewsberry has been employed as a safety representative for the United Mine Workers of America. Shrewsberry timely filed a claim for black lung benefits on October 27, 1978.

After a hearing, the ALJ, who evaluated Shrewsberry's claim under Part 727 of the regulations, found the evidence of record sufficient to invoke the interim presumption of entitlement pursuant to 20 C.F.R. § 727.203(a)(2) and insufficient to establish rebuttal under 20 C.F.R. § 727.203(b). Based on these findings, the ALJ awarded benefits. The Board affirmed the ALJ's invocation of the interim presumption, but vacated his rebuttal findings and remanded the case for further consideration.

On remand, the ALJ found the evidence of record sufficient to establish rebuttal of the interim presumption under 20 C.F.R. §§ 727.203(b)(3) and (b)(4). Based on these findings, benefits were denied. On appeal, the Board found that the ALJ's (b)(4) rebuttal finding was supported by substantial evidence. The Board did not address whether the ALJ's (b)(3) rebuttal finding was supported by substantial evidence. Shrewsberry filed a timely petition for review of the Board's decision.

2

II

A

In black lung cases, the ALJ is charged with making factual findings, including evaluating the credibility of witnesses and weighing contradictory evidence. See Doss v. DOWCP, 53 F.3d 654, 658 (4th Cir. 1995). The Board reviews the ALJ's findings to determine if they are supported by substantial evidence. Id.; see 33 U.S.C. § 921(b)(3). We review the Board's decision only for errors of law and to ensure that the Board adhered to the correct standard of review. Doss, 53 F.3d at 658. Therefore, we must affirm the Board's decision if the Board properly decided that the ALJ's findings are supported by substantial evidence. Id. at 659. To determine whether the ALJ's findings are supported by substantial evidence, we undertake an independent review of the record. Dehue Coal Co. v. Ballard , 65 F.3d 1189, 1193 (4th Cir. 1995). In undertaking our independent review of the record, however, we must confine our review to the grounds upon which the Board based its decision. See Grigg v. DOWCP, 28 F.3d 416, 418 (4th Cir. 1994); see also Securities & Exchange Comm'n v. Chenery Corp., 318 U.S. 80, 87 (1943).

B

The issue presented in this appeal is whether the Board properly decided that the ALJ's (b)(4) rebuttal finding was supported by substantial evidence. Under 20 C.F.R. § 727.203(b)(4), the interim presumption of entitlement to benefits under 20 C.F.R.§ 727.203(a)(2) is rebutted if the evidence establishes that the claimant/miner does not have pneumoconiosis.

We believe the Board properly decided that the ALJ's (b)(4) rebuttal finding was supported by substantial evidence. In concluding that Shrewsberry did not have pneumoconiosis, the ALJ relied on the opinions of Drs. Zaldivar, Kress, and Fino, all of whom ruled out the existence of clinical and statutory pneumoconiosis. These physicians relied on a variety of factors, including the results of the spirometries, lung volumes, diffusion capacities, physical examinations, pulmonary function tests, and blood gas studies. The physicians also relied on the

3

overwhelmingly negative x-rays.* This evidence, as a whole, constitutes substantial evidence to support a finding of (b)(4) rebuttal.

III

In summary, the Board properly decided that the ALJ's (b)(4) rebuttal finding was supported by substantial evidence. Accordingly, the petition for review is denied.

PETITION DENIED
_____
*Because Drs. Zaldivar, Kress, and Fino based their opinions on a variety of factors, Shrewsberry's claim that these physicians based their opinions solely on the negative x-ray evidence is without merit.

4