UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RALPH HANNAH,
Petitioner,

v.

EASTERN ASSOCIATED COAL COMPANY;

No. 94-2017

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,
Respondents.

On Petition for Review of an Order of the
Benefits Review Board.
(91-1978-BLA)

Argued: April 3, 1995

Decided: April 11, 1997

Before WIDENER and LUTTIG, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Petition granted and case remanded by unpublished per curiam opin-
ion.

_____

**COUNSEL**

**ARGUED:** S.F. Raymond Smith, RUNDLE & RUNDLE, L.C.,
Pineville, West Virginia, for Petitioner. Mark Elliott Solomons,
ARTER & HADDEN, Washington, D.C., for Respondents. **ON
BRIEF:** Laura Metcoff Klaus, ARTER & HADDEN, Washington,
D.C., for Respondent Eastern Associated Coal.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ralph Hannah petitions for review of an order of the Benefits Review Board affirming a decision of the administrative law judge denying Hannah's claim for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901-945. For the following reasons, we vacate the Board's order.

Because Hannah worked in the coal mines for over ten years and Eastern Associated conceded that he has pneumoconiosis, the administrative law judge invoked the interim presumption under 20 C.F.R. § 727.203(a)(1), that Hannah is "totally disabled due to pneumoconiosis." The administrative law judge found, however, that Eastern Associated had successfully rebutted this presumption under 20 C.F.R. § 727.203(b)(2) and (3), by demonstrating that Hannah was capable of performing his usual and customary employment and that his total disability was in no way caused by his coal-mine employment. The Board affirmed the finding of the administrative law judge as to subsection (b)(3) rebuttal, stating that Hannah, except for claiming that the medical opinions of Drs. Daniel and Zaldivar were insufficient to entitle rebuttal under (b)(2) and (b)(3), failed to allege any error committed by the administrative law judge in his subsection (b)(3) analysis and thus that the Board had no other basis upon which to review the decision. The Board noted that the medical opinions of Doctors Zaldivar and Daniel, upon which the administrative law judge relied, adequately supported the administrative law judge's finding of rebuttal under subsection (b)(3).

Under Grigg v. Director, Office of Workers' Compensation Programs, 28 F.3d 416, 419 (4th Cir. 1994),"where the relevant medical opinion states, without equivocation, that the miner suffers no respiratory or pulmonary impairment of any kind," subsection (b)(3) rebuttal may properly be found. We disagree with the Board that the

2

opinions of Doctors Daniel and Zaldivar establish (b)(3) rebuttal under the Grigg standard, which by its terms should be "assiduously applied" in the prescribed manner. Grigg, 28 F.3d at 419 n.3.

The record reveals that Doctor Zaldivar opined merely that Hannah "does not have any pulmonary impairment whatsoever. Strictly from the pulmonary standpoint Mr. Hannah is capable of performing all work for which he has been trained" (emphases added). Similarly, Doctor Daniel stated that "there is no evidence of pulmonary dysfunction due to [Hannah's chronic obstructive lung disease and occupational pneumoconiosis] and that this individual should be able to carry out the usual and customary activities required of a coal miner" (emphasis added). This court has held repeatedly that such opinions have "no probative value on either a (b)(2) or (b)(3) rebuttal question," Grigg, 28 F.3d at 420 n.6;* see Thorn v. Itmann Coal Co., 3 F.3d 713, 719-20 (4th Cir. 1993), because they, unlike the no-respiratory-or-pulmonary-impairment opinion accepted by this court in Grigg, do not rule out coal mine employment as a cause of or contributor to the claimant's total disability. See Bethlehem Mines Corp. v. Massey, 736 F.2d 120, 123 (4th Cir. 1984).

Accordingly, we are of opinion that the record does not support the finding of the Board and the ALJ, that the presumption is rebutted under C.F.R. § 727.203(b)(3). If that were all, Hannah would be entitled to benefits. But the ALJ found rebuttal also under sub-section (b)(2). The Board did not address this (b)(2) rebuttal, and we are unable to presume that its previous rejection of a finding of (b)(2) rebuttal by the ALJ would apply in this case.

The case is accordingly remanded to the Board to permit the filing of additional briefs or memoranda by the parties and for reconsideration of whether or not (b)(2) rebuttal should apply to bar Hannah's claim. If (b)(2) rebuttal does not apply to bar such claim, Hannah

_____

*The opinions of Drs. Zaldivar and Daniel were those involved in Grigg.

3

should be awarded benefits. Otherwise, the Board should enter its order and let Hannah take such action as he may be so advised.

PETITION FOR REVIEW GRANTED;
REMANDED WITH INSTRUCTIONS

4