**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

HOBERT C. ATKINS,
<u>Petitioner,</u>

v.

EASTERN ASSOCIATED COAL

CORPORATION; DIRECTOR, OFFICE OF
WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF
LABOR,
<u>Respondents.</u>

No. 98-1388

On Petition for Review of an Order
of the Benefits Review Board.
(97-953-BLA)

Submitted: September 15, 1998

Decided: October 23, 1998

Before MURNAGHAN, HAMILTON, and WILLIAMS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

S. F. Raymond Smith, RUNDLE & RUNDLE, L.C., Pineville, West
Virginia, for Petitioner. Mark E. Solomons, Laura Metcoff Klaus,
ARTER & HADDEN, L.L.P., Washington, D.C., for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Hobert Atkins seeks review of a decision of the Benefits Review Board ("Board") affirming the administrative law judge's ("ALJ") decision to deny his application for black lung benefits. The ALJ found that the evidence of record failed to establish pneumoconiosis, total disability, or total disability due to pneumoconiosis. The Board found that Atkins failed to allege that the ALJ committed any error in finding no total disability, and therefore affirmed that finding as unchallenged on appeal. The Board further determined that because total disability is a critical element of entitlement, Atkins' failure to challenge this finding obviated the need for the Board to address his arguments relating to any other element of entitlement.

We must affirm the decision of the Board if the Board properly decided that the ALJ's findings are supported by substantial evidence. Doss v. Director, Office of Workers' Compensation Programs, 53 F.3d 654, 658 (4th Cir. 1995). We confine our review to the grounds upon which the Board based its decision. See Grigg v. Director, Office of Workers' Compensation Programs, 28 F.3d 416, 418 (4th Cir. 1994). Moreover, appellate courts will not consider arguments raised on appeal that were not raised before the Board. See Big Horn Coal Co. v. Director, Office of Workers' Compensation Programs, 897 F.2d 1052, 1054 (10th Cir. 1990); South Carolina v. United States Dep't of Labor, 795 F.2d 375, 378 (4th Cir. 1986); Cox v. Benefits Review Bd., 791 F.2d 445, 446-47 (6th Cir. 1986).

There is no dispute in this case that the challenges Atkins raises on appeal to the ALJ's finding of no total disability were not raised before the Board. We reject Atkins' contention that the fact that the ALJ made disability findings only after assuming, arguendo, the existence of pneumoconiosis, somehow relieved him of the burden of challenging the ALJ's disability findings. Moreover, the Board's

2

opinion leaves no doubt that waiver is the basis for its decision. The Board's general comment in a footnote that the ALJ discussed the relevant evidence and assigned it appropriate weight does not alter this fact.

Accordingly, the decision of the Board is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3