**Mabel W. TURNER, Widow of Bill Turner, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent.**

No. 89–2175.

United States Court of Appeals,
Fourth Circuit.

Argued May 11, 1990.

Decided March 6, 1991.

Thomas McKennan Hazlett, Kinder, Harper, Hazlett & Hinzey, St. Clairsville, Ohio, for petitioner.

Priscilla Anne Schwab, Office of the Sol., U.S. Dept. of Labor, Washington, D.C., argued (Robert P. Davis, Sol. of Labor, Donald S. Shire, Associate Sol. for Black Lung Benefits, Michael J. Denney, Counsel for Appellate Litigation, Office of the Sol., U.S. Dept. of Labor, Washington, D.C., on brief), for respondent.

Before WIDENER and PHILLIPS, Circuit Judges, and SMITH, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

WIDENER, Circuit Judge:

Mabel W. Turner, widow of Bill Turner, petitions for review of the Benefits Review

Board's affirmance of the Administrative Law Judge's (ALJ) decision denying both a live miner's and a survivor's claim under the Black Lung Benefits Act. Being of opinion that the Board erroneously found to have been rebutted the presumption that Bill Turner had pneumoconiosis, we vacate and remand for the award of benefits.

Bill Turner filed his live miner's claim on October 27, 1981.[1] Turner died on June 24, 1982, and Mrs. Turner filed a survivor's claim on September 14, 1982. The ALJ found that Turner was entitled to a rebuttable presumption under 20 C.F.R. § 718.305(a), that he was totally disabled due to pneumoconiosis and that his death was due to pneumoconiosis, based on the number of years of coal mine employment and Dr. R.K. Stupar's pulmonary function study.[2]

The ALJ next found that the presumption was rebutted by two factors. First was the treating physician's, Dr. Carl L. Anderson's, silence as to the cause of Turner's acknowledged pulmonary disease which was separate and distinct from Turner's lung cancer.[3] Second was a non-examining physician's, Dr. Michael E. Wald's, opinion that all of Turner's pulmonary problems were not due to his 28 years of coal mine employment but were the result of cigarette smoking. Once he found the presumption was rebutted, the ALJ found that Turner had failed to prove he was totally disabled due to pneumoconiosis. Accordingly, the ALJ denied both the live miner's claim and the survivor's claim.

The sole issue presented by this case which we need to consider is whether the ALJ properly found that the presumption that Turner was totally disabled due to pneumoconiosis and that his death was due to pneumoconiosis was rebutted. The solution requires a review of the evidence as given by the physicians in the record. Dr. Miklos Paal examined Turner on November 29, 1979 and noted a slight barrel chest and wheezing, etc., but did not express an opinion on pneumoconiosis or disability. Dr. Anderson, who had treated Turner over the years, noted that Turner had lung cancer and a separate and distinct chronic obstructive lung disease which was far advanced when the cancer was discovered and which prevented surgery for the lung cancer. Dr. Anderson expressed no opinion as to the cause of the chronic obstructive lung disease. Dr. Wald, a non-examining physician, concluded after reviewing the record that both Turner's lung cancer and his separate chronic lung disease were caused by cigarette smoking.

We first address the action of the ALJ in relying on Dr. Wald's opinion that Turner's chronic obstructive lung disease was caused by cigarette smoking. In *Bethlehem Mines Corp. v. Massey*, 736 F.2d 120, 125 (4th Cir.1984), we addressed the precise issue presented here. In *Bethlehem Mines* a non-examining physician's report attributed the pulmonary problems of the claimant to cigarette smoking. We stated that the doctor "relied exclusively on the medical reports prepared by the other physicians, none of whom addressed the possibility that cigarette smoking caused the miner's disabling condition. A *non-examining* physician's opinion on matters not ad-

---

1. The date of filing determines that the claim is governed by the regulations found in 20 C.F.R. § 718. The claim under consideration here is a second claim; the first was filed May 15, 1979.

2. The ALJ credited Turner with 28 years of coal mine employment. Section 718.305 provides for a rebuttable presumption of total disability due to pneumoconiosis if the miner was employed in underground coal mines for 15 or more years and the evidence demonstrates the existence of a totally disabling respiratory or pulmonary impairment. Dr. Stupar's tests resulted in values which the tables in Appendix B to § 718.204 provide will prove a total pulmonary disability.

3. It is undisputed that Turner suffered from two distinct pulmonary impairments. See JA 30, where even the employer's physician notes Turner's "underlying chronic obstructive lung disease." Turner suffered from lung cancer and a separate and distinct chronic obstructive lung disease. Turner's chronic obstructive lung disease negated the chance for surgery as a form of treatment of the lung cancer. Dr. Anderson stated no opinion as to the cause of the chronic obstructive lung disease, but that it did, in fact, exist is at once apparent from the records of the series of Dr. Anderson's treatments.

dressed by *examining* physicians is insufficient as a matter of law to rebut an interim presumption under 20 C.F.R. § 727.203." *Bethlehem Mines,* 736 F.2d at 125 (emphasis in original). Since there is no difference of consequence here between § 727.203 and § 718.305, *Bethlehem Mines* controls, and we hold that it was an error of law for the ALJ to rely on such an opinion to rebut the presumption in this case.[4]

The only other evidence cited by the ALJ to rebut the presumption was the silence of Dr. Anderson as to the cause of Turner's separate chronic lung disease. That silence is the same as the "medical reports prepared by other physicians" in *Bethlehem Mines,* "none of whom addressed the possibility that cigarette smoking caused the miner's ·disabling condition." *Bethlehem Mines,* 736 F.2d at 125.

Because the rebuttal of the presumption that Turner was totally disabled due to pneumoconiosis fails, we vacate the order which is subject to the petition for review, and remand for the award of benefits.[5]

VACATED AND REMANDED WITH INSTRUCTIONS.

EDWARD S. SMITH, Senior Circuit Judge, dissenting:

We must review the record to decide whether the administrative law judge's findings are supported by substantial evidence.[1] The record shows the presumption[2] that the deceased was totally disabled by pneumoconiosis was successfully rebutted. Because the administrative law judge's finding was supported by substantial evidence, the decision should be upheld. Accordingly, I respectfully dissent.

Appellee must rebut the presumption by presenting evidence which negates its validity. The record shows that of eighteen x-ray interpretations, only one interpretation, made in 1979, tested positive for pneumoconiosis. That positive interpretation is *discredited* by a more recent interpretation made in 1982 which revealed no pneumoconiosis. The administrative law judge, sitting as the trier of fact, found that the more recent interpretation was performed by the more qualified x-ray expert and was, therefore, more credible.[3] Consequently, the old, discredited interpretation of the x-ray does not serve as credible evidence of pneumoconiosis.

A pathologist performed a biopsy on the right lower lobe of Turner's lung and reported lung cancer but not pneumoconiosis. No autopsy was performed after Turner's death, but the death certificate signed by Dr. Anderson did not mention pneumoconiosis. Instead, it attributed death to pulmonary failure caused by lung cancer. Therefore, Turner's treating doctor never diag-

**4.** We reject the Director's argument that there should be an exception to the rule in *Bethlehem Mines* for situations where the miner has died. The limitation on the opinion of a non-examining physician as developed by *Bethlehem Mines* is a limit on the value of the testimony of a witness who has no first hand knowledge. The physician's lack of first hand knowledge is a problem whether or not the miner is alive. Although it is true that the death of the miner prevents the Director and the employer from obtaining new examinations and studies, that unavailability is also a similar disadvantage to the claimant. We see no reason to, and do not, create an exception to *Bethlehem Mines* because of the death of the miner.

Section 727.203 establishes a presumption of total disability due to pneumoconiosis for ten years' coal mine employment if the medical evidence meets the regulatory standard.

**5.** The ALJ and the Board denied live miner's and survivor's benefits for the same erroneous reason, that the presumption was rebutted. So

any discussion of difference in awards of live miner's and survivor's benefits would be abstract. Nothing appears to us from the record at this time which would prevent the award of both of such kinds of benefits. If either is not awarded after remand, that is a question for another day. In line with this discussion, we have no occasion at this time to comment on the applicability of any presumption under 20 C.F.R. § 718.303.

**1.** *Zbosnik v. Badger Coal Co.,* 759 F.2d 1187, 1189 (4th Cir.1985).

**2.** 20 C.F.R. § 718.305.

**3.** The prior x-ray interpretation of pneumoconiosis is discredited by the later x-ray interpretation of no pneumoconiosis because the disease is progressive and irreversible. Thus, the symptoms of the disease would be even more apparent in a test taken three years after the prior x-ray interpretation.

nosed him as suffering from pneumoconiosis.

The record shows that there is no *credible* evidence which indicates that Turner suffered from pneumoconiosis. It is not required that the affirmative evidence disprove the existence of pneumoconiosis.[4] The administrative law judge could have reasonably inferred from a record containing no credible diagnosis of pneumoconiosis and no evidence supporting such a diagnosis, that pneumoconiosis was not present.[5] Thus, the record contains substantial evidence sufficient to support the administrative law judge's finding that the presumption that Turner was disabled by pneumoconiosis was rebutted.

Moreover, there is more evidence to support the administrative law judge's finding. Dr. Wald analyzed the complete medical records of Turner and opined that the cause of death was lung cancer, unrelated to coal mining but closely related to cigarette smoking. Ample evidence found in the record indicating that Turner was a cigarette smoker corroborates Dr. Wald's analysis. The majority disregards this qualified opinion evidence because it believes the *Bethlehem Mines*[6] rule is applicable. "A *non-examining* physician's opinion on matters not addressed by *examining* physicians is insufficient as a matter of law to rebut an interim presumption" that the plaintiff was not disabled by pneumoconiosis.[7]

The *Bethlehem Mines* rule is not apt in this situation for several reasons. First, Dr. Wald's opinion was that Turner was suffering not from pneumoconiosis, but from lung cancer which could be attributed to cigarette smoking.[8] Other examining physicians also diagnosed Turner as having lung cancer. Because Dr. Wald's opinion concerned matters which *were* addressed by other examining physicians, the *Bethlehem Mines* rule is not invoked. Therefore, Dr. Wald's opinion can be considered by the administrative law judge in determining whether the presumption was rebutted.

Second, the *Bethlehem Mines* rule is not an exclusionary rule, but a sufficiency rule. The rule provides that the diagnosis of a nonexamining expert witness "*is insufficient as a matter of law to rebut* [the] interim presumption...."[9] Therefore, the rule is that the nonexamining physician's diagnosis is not solely sufficient to rebut the presumption. However, when the diagnosis is corroborated by other evidence which directs the same conclusion, it should be considered. As stated earlier, the evidence indicates that Turner suffered from lung cancer, not pneumoconiosis. Because the diagnosis of Dr. Wald, the nonexamining physician, also concludes that Turner suffered from lung cancer, the administrative law judge can consider the opinion as rebuttal evidence.

Lastly, I believe that the *Bethlehem Mines* rule of sufficiency should not apply in this case because Turner is deceased.[10] When the miner is deceased and no autopsy was performed to test for pneumoconiosis, the defendant can not make an independent evaluation of the miner's lung condition. Instead, the defendant must rely only on medical records which were authored before the miner died. Although both the plaintiff and defendant are faced with the same evidentiary shortage, the problem hits the defendant harder because the defendant is strapped with the burden of rebutting the presumption. A defendant will be hard pressed to make a successful

---

**4.** *Amax Coal Co. v. Burns,* 855 F.2d 499, 503 (7th Cir.1988) (comprehensive record devoid of any indication of pneumoconiosis may fairly be deemed affirmative evidence supporting the conclusion that pneumoconiosis was not present).

**5.** *Id.*

**6.** *Bethlehem Mines Corp. v. Massey,* 736 F.2d 120 (4th Cir.1984).

**7.** *Id.* at 125 (emphasis in original).

**8.** In *Bethlehem Mines,* the rebuttal opinion attributed the plaintiff's totally disabling emphysema to cigarette smoking instead of pneumoconiosis.

**9.** *Id.* at 125 (emphasis added).

**10.** *Bethlehem Mines* concerned a miner who was still alive and thus could be examined by the defendant's experts.

attempt at rebuttal when the analysis of medical records made by its own experts will not be given sufficient weight by the court. Such an application of *Bethlehem Mines* will seriously impair a defendant's ability to successfully defend its position in court. Therefore, an exception to *Bethlehem Mines* should exist when the miner is deceased.[11]

Accordingly, the *Bethlehem Mines* rule of sufficiency should not apply to exclude consideration of Dr. Wald's opinion testimony. Because there was substantial evidence to support the administrative law judge's finding that the presumption that Turner was disabled by pneumoconiosis was rebutted, I respectfully dissent.

---

**11.** *Amax Coal Co. v. Burns,* 855 F.2d 499 (7th Cir.1988); *Director, OWCP v. Congleton,* 743    F.2d 428 (6th Cir.1984).