**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ISLAND CREEK COAL COMPANY,
Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS'

COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR;
ESTHER STANLEY, on behalf of Arlin
Stanley, deceased,
Respondents.

No. 95-2244

On Petition for Review of an Order
of the Benefits Review Board.
(93-2408-BLA)

Submitted: March 29, 1996

Decided: July 19, 1996

Before WIDENER, HALL, and NIEMEYER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Douglas Allan Smoot, Ann Brannon Rembrandt, JACKSON &
KELLY, Charleston, West Virginia, for Petitioner. Esther Stanley,
Respondent Pro Se; Christian P. Barber, Gary K. Stearman, UNITED
STATES DEPARTMENT OF LABOR, Washington, D.C., for
Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Island Creek Coal Company ("Island Creek") seeks review of a decision of the Benefits Review Board ("Board") affirming an administrative law judge's ("ALJ") decision and order on reconsideration ordering Island Creek to reimburse the Black Lung Disability Trust Fund ("Fund") for medical benefits paid by the Fund on behalf of Arlin Stanley, a former coal miner. Island Creek refused to pay the benefits based on its belief that the miner's medical treatments were not for his pneumoconiosis but for chronic obstructive pulmonary disease attributable to smoking.

Where, as in this case, an employer is concededly responsible for the miner's pneumoconiosis, and the miner receives treatment for a pulmonary disorder, "a presumption arises that the disorder was caused or at least aggravated by the miner's pneumoconiosis, making the employer liable for the medical costs. See Doris Coal Co. v. Director, Office of Workers' Compensation Programs[Stiltner], 938 F.2d 492, 495 (4th Cir. 1991). Although Island Creek argues that the Board interpreted Stiltner in such a manner as to render this presumption irrebuttable, we need not reach this contention because we find that the medical evidence presented by Island Creek to rebut the presumption is insufficient as a matter of law to establish rebuttal. Island Creek's rebuttal case rests on the medical reports of Drs. Tuteur and Fino, and both physicians premised their conclusions on impermissible assumptions.

Where a physician premises his opinion on an assumption which is contrary to an established fact, his opinion is not worthy of much, if any, weight. See Dehue Coal Co. v. Ballard , 65 F.3d 1189, 1193 (4th Cir. 1995); Grigg v. Director, Office of Workers' Compensation Programs, 28 F.3d 416, 419 (4th Cir. 1994). In this case, Dr. Tuteur premised his finding that none of the miner's treatments were neces-

2

sary for the treatment of pneumoconiosis on the belief that the miner did not have pneumoconiosis or any impairment attributable to pneumoconiosis. This belief was erroneous as it was contrary to the employer's concession that the miner had pneumoconiosis and that it was at least partially responsible for his totally disabling respiratory impairment.

Dr. Fino equivocally acknowledges that the miner has pneumoconiosis, but then proceeds to explain how the medical evidence of record only supports a finding of a purely obstructive impairment associated with smoking, rather than a restrictive impairment associated with pneumoconiosis. Even if Dr. Fino is credited with legitimately proceeding on the assumption that the miner had pneumoconiosis, however, his discussion leaves no doubt that his opinion is still improperly premised on the erroneous assumption that coal dust exposure cannot cause obstructive impairment. See Warth v. Southern Ohio Coal Co., 60 F.3d 173 (4th Cir. 1995).

Finally, we note that neither Dr. Fino nor Dr. Tuteur personally examined the miner, and their opinions are not supported by reports from an examining physician. The opinions of nonexamining physicians regarding matters not addressed by examining physicians are generally deemed to be insufficient to rebut presumed facts. See Turner v. Director, Office of Workers' Compensation Programs, 927 F.2d 778, 779-80 (4th Cir. 1991). Accordingly, the decision of the Board is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3