**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LESTER D. STILTNER,
Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS'

COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR;
VIRGINIA POCAHONTAS COAL
COMPANY,
Respondents.

No. 96-1717

On Petition for Review of an Order
of the Benefits Review Board.
(95-0934-BLA)

Submitted: December 10, 1996

Decided: January 27, 1997

Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Lester D. Stiltner, Petitioner Pro Se. Patricia May Nece, Sarah Marie
Hurley, UNITED STATES DEPARTMENT OF LABOR, Washing-
ton, D.C.; Sannie Louise Overly, JACKSON & KELLY, Lexington,
Kentucky, for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lester Stiltner seeks review of the Benefits Review Board's ("BRB") decision and order affirming the administrative law judge's ("ALJ") denial of his application for black lung benefits. The ALJ found the evidence of record sufficient to establish a totally disabling respiratory impairment, but insufficient to establish pneumoconiosis or that the miner's total disability was due to pneumoconiosis. The BRB affirmed the ALJ's denial of benefits based on its agreement with the ALJ's finding of no pneumoconiosis.

Stiltner alleges that the ALJ erred in finding no pneumoconiosis due to the ALJ's acceptance of Dr. Byers' conclusions over those of Dr. Sutherland, Stiltner's treating physician. Stiltner further contends that the ALJ erred by failing to apply this court's holding in Warth v. Southern Ohio Coal Co., 60 F.3d 173 (4th Cir. 1995).**1** The ALJ's weighing of the evidence must be affirmed if his conclusions are sup-ported by substantial evidence and are not contrary to law. See Zbosnik v. Badger Coal Co., 759 F.2d 1187, 1189 (4th Cir. 1985).

In this case, we find that the ALJ lawfully accorded greater weight to Dr. Byers' opinion on the ground that he possessed superior cre-dentials to Dr. Sutherland.**2** See Starchevich v. Director, Office of Workers' Compensation Programs, 873 F.2d 197, 198-99 (8th Cir. 1989). Furthermore, although Stiltner alleges that Dr. Byers was not his treating physician, he is mistaken. Byers, a pulmonary specialist, treated Stiltner from 1985 until at least 1990. Because both Suther-

_____

**1** This Court decided Warth on July 31, 1995, after the ALJ issued his opinion on January 4, 1995.
**2** In fact, the ALJ weighed and considered the medical opinions of eleven different physicians, of which only three opined that Stiltner suf-fered from pneumoconiosis.

2

land and Byers were treating physicians, Stiltner's claim that his treating physician's opinion was not treated with proper deference is meritless.

Regarding <u>Warth</u>, Stiltner contends that the ALJ erred by accepting physicians' reports finding no pneumoconiosis. In <u>Warth</u>, we found that a physician's opinion that pneumoconiosis or coal dust exposure cannot cause an obstructive impairment is hostile to the Black Lung Benefits Act, which recognizes the potential for such a causal connection. 60 F.3d at 175. However, unlike the medical opinions discussed in <u>Warth</u>, none of the challenged physicians here assumed that coal mine employment can never cause obstructive pulmonary disease. Instead, the doctors based their conclusions that Stiltner did not have pneumoconiosis on the review of Stiltner's entire medical history, including blood gas tests and x-ray readings. <u>See Stiltner v. Island Creek Coal Co.</u>, 86 F.3d 337, 341 (4th Cir. 1996).

Accordingly, the decision of the BRB is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3