**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CLYDE M. COMPTON,
Petitioner,

v.

UNION CARBIDE CORPORATION;

No. 96-1944

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,
Respondents.

On Petition for Review of an Order
of the Benefits Review Board.
(96-110-BLA)

Submitted: March 18, 1997

Decided: April 22, 1997

Before MURNAGHAN and WILKINS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Roger D. Forman, FORMAN & CRANE, L.C., Charleston, West Vir-
ginia, for Petitioner. Mary Rich Maloy, JACKSON & KELLY,
Charleston, West Virginia, for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Clyde Compton petitions for review of a decision of the Benefits Review Board (Board) affirming the administrative law judge's (ALJ) decision to deny his application for black lung benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901-45 (1994). The responsible operator in this case, Union Carbide Corporation (employer), conceded at the administrative level that Compton suffers from pneumoconiosis arising out of coal mine employment, and has a totally disabling respiratory impairment. The ALJ denied benefits, however, based on his determination that Compton failed to prove that his coal dust exposure caused or contributed to his disabling respiratory or pulmonary impairment.

We must affirm the decision of the Board if the Board properly decided that substantial evidence supports the ALJ's findings. See Doss v. Director, Office of Workers' Compensation Programs, 53 F.3d 654, 658 (4th Cir. 1995). In this case, the ALJ's decision boiled down to his decision to credit the opinions of Drs. Crisalli and Kleinerman, finding no link between the miner's disability and his coal mine employment, over the conflicting opinion of Dr. Rasmussen. Compton's primary contention on appeal is that the ALJ erred by crediting the opinions of Drs. Crisalli and Kleinerman because those opinions were premised on the view, discredited in our decision in Warth v. Southern Ohio Coal Co., 60 F.3d 173 (4th Cir. 1995), that coal dust exposure cannot cause or contribute to an obstructive disorder.

The ALJ specifically considered this issue and found that both Dr. Crisalli and Dr. Kleinerman recognized that coal dust exposure can cause obstruction, but could not have caused or aggravated Compton's particular obstructive impairment. We have reviewed Dr. Crisalli's hearing testimony and simply do not agree with Compton that Dr.

2

Crisalli indicates a belief that coal dust exposure can never cause obstruction. Rather, Dr. Crisalli explicitly testified that coal dust can cause obstruction. While Compton identifies testimony provided by Dr. Kleinerman which could support the conclusion that he holds views which are contrary to the Act, Dr. Kleinerman also testified later that coal dust exposure can cause obstruction. He also explicitly denied that his opinion was dependent on the belief that coal workers' pneumoconiosis cannot cause obstructive impairment.

Substantial evidence supports the ALJ's finding that the opinions of Drs. Crisalli and Kleinerman rested on other grounds. The primary cause of the miner's impairment in this case was a pneumonectomy he underwent due to lung cancer. But all the physicians agreed that he suffered at least a mild obstructive impairment even before the surgery. The physicians disagreed over whether that impairment was due solely to smoking or to a combination of smoking and coal mine employment. Biopsy evidence produced from Compton's removed right lung revealed the presence of simple pneumoconiosis.

Drs. Crisalli and Kleinerman both examined the tissue slides, as well as the remaining evidence of record, including pulmonary function studies, blood gas studies, X-rays, and chronicles of the miner's work, smoking, and medical histories. They found that the pathology evidence revealed the presence of very limited nodules reflecting a degree of pneumoconiosis which was too mild to have caused any impairment. Various pieces of evidence, in combination, pointed to centrilobular emphysema as the basis of the miner's obstructive impairment, and in the view of Drs. Crisalli and Kleinerman, coal dust exposure does not cause this form of emphysema. Dr. Rasmussen cited to medical studies and literature supporting his view that coal dust exposure can cause centrilobular emphysema, but the ALJ was persuaded by the rebuttal explanations of Drs. Crisalli and Kleinerman that Dr. Rasmussen misinterpreted or misstated the results of some of the studies, and that some of the other studies were simply flawed due to deficiencies in the data relied on by the researchers of their failure to control for relevant variables such as smoking. Because the ALJ provided rational reasons for his resolution of the conflict between the physicians of record, we find that his weighing of the evidence is supported by substantial evidence.

3

We reject Compton's assertion that the opinions offered by Drs. Crisalli and Kleinerman are not credible because they were compensated for their participation in this action. A medical opinion offered in support of litigation is not inherently biased because the physician receives a fee. See Richardson v. Perales, 402 U.S. 389, 403 (1971). We also reject Compton's contention that the ALJ erroneously admitted cumulative and redundant evidence into the record in this case. The ALJ was obligated to admit the evidence to which Compton objects in order to permit the employer to respond to Compton's own untimely submission of evidence. See 20 C.F.R. § 725.456(b)(3) (1996). Moreover, even had the ALJ erred by admitting the evidence, such error would be harmless since he did not rely on this evidence, but on the reports of Drs. Crisalli and Kleinerman, in reaching his decision.

Accordingly, we affirm the decision of the Board. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED