**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JUNE HESS DEEL, widow of Estil
Charles Hess,
<u>Petitioner,</u>

v.

BAKER COAL COMPANY; DIRECTOR,

No. 96-2076

OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR; OLD
REPUBLIC INSURANCE COMPANY,
<u>Respondents.</u>

On Petition for Review of an Order
of the Benefits Review Board.
(95-1254-BLA)

Argued: July 10, 1997

Decided: August 13, 1997

Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Martin Douglas Wegbreit, CLIENT CENTERED
LEGAL SERVICES OF SOUTHWEST VIRGINIA, INC., Castle-
wood, Virginia, for Petitioner. Mark Elliott Solomons, ARTER &
HADDEN, Washington, D.C.; Edward Waldman, UNITED STATES

DEPARTMENT OF LABOR, Washington, D.C., for Respondents.
**ON BRIEF:** Thomas H. Odom, ARTER & HADDEN, Washington,
D.C., for Respondents Baker Coal and Old Republic Insurance. J.
Davitt McAteer, Acting Solicitor of Labor, Donald S. Shire, Asso-
ciate Solicitor, Christian P. Barber, Counsel for Appellate Litigation,
UNITED STATES DEPARTMENT OF LABOR, Washington, D.C.,
for Respondent Director.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

June Hess Deel petitions for review of a decision by the Benefits
Review Board (the Board) affirming a decision and order of an
administrative law judge (ALJ). The ALJ denied a motion for modifi-
cation under the Black Lung Benefits Act (the Act) by Estil Charles
Hess, Deel's late husband, and denied her claim for survivor's bene-
fits. Finding the decision of the ALJ to be supported by substantial
evidence, we affirm.

I.

Hess applied for benefits under the Act in 1980, after working as
a coal miner for at least 20 years. The ALJ denied benefits, finding
that Hess' employer, Baker Coal Company, had successfully rebutted
the presumption that Hess' disability arose from his coal mine
employment. See 20 C.F.R. § 718.305 (1997). Hess unsuccessfully
appealed to the Board, and we affirmed the Board's decision, see
Hess v. Baker Coal Co., 896 F.2d 546 (4th Cir. 1990) (per curiam)
(unpublished table decision).

Before his death, Hess requested a modification of his benefits
determination. And, following Hess' death, Deel filed a survivor's

2

claim which was consolidated with the pending modification proceeding. The ALJ denied Hess' request for modification, reasoning that the newly submitted evidence did not establish a change in condition or a mistake in a determination of fact. See 20 C.F.R. § 725.310(a) (1997). He denied the survivor's claim on the basis that the evidence did not establish that Hess' death was due to pneumoconiosis. See 20 C.F.R. § 725.212(a) (1997). On appeal, the Board concluded that the ALJ had erred in failing to consider Hess' newly submitted evidence in conjunction with that previously submitted and remanded the request for modification for further proceedings. Additionally, the Board determined that if, on remand, the ALJ awarded benefits to Hess, an award of survivor's benefits to Deel would also be appropriate.

On remand, the ALJ considered all of the conflicting medical evidence in the record and concluded that it did not support a finding of a change in condition or a mistake in a determination of fact. Although three doctors, including Hess' treating physicians, concluded that Hess was totally disabled due to pneumoconiosis, the ALJ discredited their conclusions as inadequately supported. Instead, the ALJ relied on the opinions of seven physicians who attributed Hess' disability to causes other than pneumoconiosis, most notably his long history of cigarette smoking. The ALJ ruled that these doctors' opinions were entitled to greater evidentiary weight because each of them was a board-certified specialist. Accordingly, the ALJ denied the request for modification and found Deel ineligible for survivor's benefits. The Board affirmed the ALJ's decision.

II.

We exercise an independent review of the Board, effectively standing in its place to consider directly the decision of the ALJ. See Toler v. Eastern Associated Coal Co., 43 F.3d 109, 114 (4th Cir. 1995). And, although we review questions of law de novo, we may set aside the factual findings of the ALJ only if we determine that they are not supported by substantial evidence in the record. See id. "Substantial evidence, described as more than a scintilla but less than a preponderance, is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." See v. Washington Metro. Area Transit Auth., 36 F.3d 375, 380 (4th Cir. 1994) (internal quotation

3

marks omitted). Additionally, "[w]e must defer to the ALJ's credibility determinations and inferences from the evidence, despite our perception of other, more reasonable conclusions." Id. The ALJ is solely responsible for making credibility determinations and resolving inconsistencies in the evidence, so long as his findings are supported by substantial evidence. See Grizzle v. Pickands Mather & Co./Chisolm Mines, 994 F.2d 1093, 1096 (4th Cir. 1993).

Deel contends that the decision of the ALJ is not supported by substantial evidence. She argues that the ALJ should have rejected the opinions of the seven physicians who concluded that Hess' disability was not caused by his coal mine employment because their conclusions were based on the theory that pneumoconiosis is a restrictive rather than an obstructive impairment. We disagree.

Deel correctly observes that obstructive impairment is encompassed by the definition of pneumoconiosis for purposes of the Act and, therefore, an ALJ may not consider the opinion of a physician who refuses to find a causal connection between a claimant's coal mine employment and respiratory disability solely because the disability is obstructive in nature. See Warth v. Southern Ohio Coal Co., 60 F.3d 173, 175 (4th Cir. 1995). However, an ALJ need not discredit the opinion of a physician who notes the absence of a restrictive impairment if it does not rest on the assumption that coal mine employment never causes obstructive impairment. See Stiltner v. Island Creek Coal Co., 86 F.3d 337, 341 (4th Cir. 1996).[1] Here, the physicians' opinions are wholly consistent with Stiltner in that "they merely opined that [Hess] likely would have exhibited a restrictive impairment . . . if coal dust exposure were a factor." Id.[2] Moreover,

_____

[1] The Director of the Office of Workers' Compensation Programs maintains that while we reached the correct result in Warth and Stiltner, those decisions should have been based on current medical evidence rather than the broad definition of pneumoconiosis supplied by the Act. Additionally, Deel criticizes Stiltner as "an intellectually mendacious perversion of the Warth case which no other 3 judge panel ought [to] follow." Brief for the Pet'r at 13 n.6. We decline the Director's invitation to reexamine the reasoning of Warth and Stiltner. Furthermore, we reject Deel's attack on the well-reasoned opinion in Stiltner as being utterly without foundation.

[2] This statement is true as to all of the doctors except Dr. Garzon, who relied explicitly on the theory that pneumoconiosis does not cause an

as in <u>Stiltner</u>, in addition to noting the obstructive nature of Hess' impairment, the physicians also reviewed Hess' medical history, including blood gas tests, autopsy slides, and x-ray interpretations. <u>See id</u>. Accordingly, the ALJ did not err in relying on these opinions and his conclusion that Hess failed to establish a change in condition or a mistake in a determination of fact is supported by substantial evidence. We therefore affirm the denial of the request for modification.[3] Because Deel's claim for survivor's benefits is dependent on the success of the request for modification, we affirm the denial of it as well.[4]

<u>AFFIRMED</u>

_____

obstructive impairment. Although <u>Warth</u> dictates that Dr. Garzon's opinion is unreliable, we need not remand for further proceedings because substantial evidence supports the decision of the ALJ even in the absence of that opinion.

[3] We have considered Deel's other arguments and conclude that they are without merit.

[4] We thus find it unnecessary to address Baker Coal Company's contention that Deel failed to timely appeal the denial of her claim, thereby depriving us of jurisdiction.

5