**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ARVIS TOLER,
Petitioner,

v.

EASTERN ASSOCIATED COAL

CORPORATION; DIRECTOR, OFFICE OF
WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF
LABOR,
Respondents.

No. 97-2148

On Petition for Review of an Order
of the Benefits Review Board.
(96-1499-BLA)

Submitted: July 28, 1998

Decided: August 19, 1998

Before ERVIN, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

S.F. Raymond Smith, RUNDLE & RUNDLE, L.C., Pineville, West
Virginia, for Petitioner. Mark E. Solomons, Laura Metcoff Klaus,
ARTER & HADDEN, Washington, D.C., for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Arvis Toler seeks review of a decision of the Benefits Review Board (Board) affirming an administrative law judge's (ALJ) decision to deny his application for black lung benefits. The ALJ denied bene-fits in this case based on his finding that Toler failed to establish the presence of pneumoconiosis. The Board affirmed the ALJ's finding of no pneumoconiosis and denial of benefits. After reviewing the record, we find no reversible error and affirm the order of the Board.

This Court reviews the Board's decision only for errors of law and to ensure that the Board adhered to the correct standard of review. See Doss v. Director, Office of Workers' Compensation Programs, 53 F.3d 654, 658 (4th Cir. 1995). Therefore, this Court affirms the Board's decision if the Board properly decided that the ALJ's find-ings are supported by substantial evidence. See id. at 659. To deter-mine whether the ALJ's findings are supported by substantial evidence, this Court undertakes an independent review of the record. See Dehue Coal Co. v. Ballard, 65 F.3d 1189, 1193 (4th Cir. 1995). However, review is confined to the grounds upon which the Board based its decision. See Grigg v. Director, Office of Workers' Compen-sation Programs, 28 F.3d 416, 418 (4th Cir. 1994).

On appeal, Toler contends that the reports credited by the ALJ finding no pneumoconiosis were impermissibly based solely on nega-tive X-rays and that the employer's physicians' assertions that the nature of Toler's particular obstructive impairment was inconsistent with pneumoconiosis are hostile to the premises of the Federal Black Lung Act. We find both claims to be without merit. The ALJ primar-ily relied on Drs. Zaldivar and Tuteur, who both found that Toler did not have pneumoconiosis. Despite Toler's assertion to the contrary, the record discloses that these opinions were based not solely on neg-ative X-ray evidence, but also on laboratory data documenting a

2

purely obstructive disease, the presence of the"premiere" cause of emphysema, and Toler's long-term and continued cigarette smoking.

With respect to Toler's second contention, we also find that the ALJ did not impermissibly rely on Dr. Tuteur's opinion which was based on the erroneous assumption that obstructive disorders cannot be caused by coal mine employment. See Warth v. Southern Ohio Coal Co., 60 F.3d 173 (4th Cir. 1995). Our review does not disclose that Dr. Tuteur's opinion was based on such an assumption, given his statement that "coal dust can result in obstructive impairment when massive fibrosis from coal dust inhalation is present." Because substantial evidence supports the Board's finding that Toler did not establish pneumoconiosis, we do not address Toler's assertion that the Board erred in not finding that Toler's pneumoconiosis contributed to his total disability.

Accordingly, the decision of the Board is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.

AFFIRMED