**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

HARLAN BLANKENSHIP,
Petitioner,

v.

CLINCH VALLEY COAL COMPANY;

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,
Respondents.

No. 97-2508

On Petition for Review of an Order
of the Benefits Review Board.
(97-151-BLA)

Submitted: August 4, 1998

Decided: September 1, 1998

Before MURNAGHAN, ERVIN, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Martin Wegbreit, CLIENT CENTERED LEGAL SERVICES OF
SOUTHWEST VIRGINIA, INC., Castlewood, Virginia, for Peti-
tioner. Mark E. Solomons, Laura Metcoff Klaus, ARTER & HAD-
DEN, L.L.P., Washington, D.C., for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Harlan Blankenship seeks review of the Benefits Review Board's ("BRB" or "Board") decision and order affirming the administrative law judge's ("ALJ") denial of black lung benefits pursuant to 30 U.S.C.A. §§ 901-945 (West 1986 & Supp. 1998). Blankenship alleges that the BRB and ALJ erroneously credited the opinion of the employer's non-examining physician, who relied on reports of other physicians whose opinions were entitled to little, if any weight. Blankenship further alleges that the opinions of the employer's non-examining physicians should have been disregarded because they believed that pneumoconiosis is only manifested by a restrictive defect. Because we find that the ALJ's decision was supported by substantial evidence, we affirm.

Blankenship originally filed for benefits in 1978. The Department of Labor initially denied benefits, but after Blankenship provided additional evidence, benefits were awarded. The employer and insurance carrier denied liability, and a hearing was scheduled before an ALJ. The ALJ determined that the x-ray evidence established the presence of pneumoconiosis. Then, without explanation, the ALJ concluded that Blankenship was totally disabled due to the pneumoconiosis and awarded benefits. The BRB affirmed the finding of pneumoconiosis, but vacated the award of benefits and remanded the case for consideration of rebuttal evidence pursuant to 20 C.F.R. § 727.203(b) (1997).

On remand, a second ALJ denied benefits, finding that the employer successfully rebutted the interim presumption by showing that Blankenship's disability was not caused in whole or in part by coal mine employment.[1] The BRB again affirmed the finding that

_____

**1 See** 20 C.F.R. § 727.203(b)(3) (1997).

2

Blankenship was entitled to the interim presumption. **2** The Board also affirmed the ALJ's finding that rebuttal was not available under § 727.203(b)(1), (2), or (4). However, the Board vacated the order and remanded for further consideration of § 727.203(b)(3) rebuttal in light of this court's decision in Grigg v. Director, Office of Workers' Compensation Programs, 28 F.3d 416 (4th Cir. 1994). Specifically, the Board found that the ALJ relied on the opinions of three physicians who failed to diagnose the presence of pneumoconiosis, when pneumoconiosis had already been established by x-rays.

A new hearing was held before a different ALJ. Pursuant to the BRB's order, the employer submitted additional evidence in the form of opinions by two non-examining physicians (Drs. Branscomb and Tuteur). Drs. Branscomb and Tuteur opined that Blankenship suffered from a very mild form of pneumoconiosis and that any pulmonary disability was minor and likely caused by cigarette smoking. Drs. Branscomb and Tuteur concluded that Blankenship was totally disabled, but that the disability was the result of non work-related orthopaedic injuries.**3** Relying on these two opinions, the ALJ concluded that the employer successfully rebutted the interim presumption and denied benefits. The Board affirmed the ALJ's decision.

We review the BRB's decision to see whether the Board properly found that the ALJ's decision was supported by substantial evidence and was consistent with applicable law, and we find no reversible error. See Wilson v. Benefits Review Bd., 748 F.2d 198 (4th Cir. 1984). Under § 727.203(b)(3), the employer may rebut the interim presumption if, by a preponderance of the evidence, it rules out any causal relationship between Blankenship's disability and his coal mine employment. See Bethlehem Mines Corp. v. Massey, 736 F.2d 120, 123 (4th Cir. 1984). In the present case, Drs. Branscomb and Tuteur opined that Blankenship's mild pulmonary disability was caused by cigarette smoking, not exposure to coal dust. Moreover, they concluded that the actual disability which prevented Blankenship from working was orthopaedic, not pulmonary, in nature.

_____

**2** See 20 C.F.R. § 727.203(a) (1997).
**3** Blankenship injured his hip and opposite leg in two separate accidents. Both injuries were complicated by chronic infections, and Blankenship required numerous surgeries.

3

Blankenship alleges that Dr. Branscomb's opinion should have been accorded little, if any, weight because he relied on the reports of three examining physicians who erroneously failed to diagnose the presence of pneumoconiosis, despite the fact that the disease was established by x-ray evidence. We disagree. A thorough review of Dr. Branscomb's report clearly shows that he examined all of the available medical data and made an independent diagnosis. At the end of his report, Dr. Branscomb merely referred to the opinions of the three physicians in question for their detailed analysis of the differences between the disabilities caused by pneumoconiosis and the smoking-induced chronic bronchitis suffered by Blankenship. **4**

Blankenship further alleges that Drs. Branscomb and Tuteur erroneously opined that pneumoconiosis is manifested solely by a restrictive defect.**5** We find this position unsupported by the record. Dr. Branscomb merely opined that Blankenship suffered from a mild form of chronic obstructive pulmonary disease caused by cigarette smoking. At no point did he offer an opinion on the restrictive/obstructive issue. Dr. Tuteur correctly stated that if Blankenship's disability were the result of coal dust exposure, he likely would have a restrictive impairment in addition to an obstructive one. This type of opinion is acceptable under Stiltner v. Island Creek Coal Co., 86 F.3d 337, 341 (4th Cir. 1996).

We therefore affirm the Board's order. Because we find that the employer successfully rebutted the interim presumption, we decline to address the issue raised by the Respondents concerning the ALJ's finding of pneumoconiosis. We deny Blankenship's motion to allow attachment to his reply brief as moot.**6** We also deny Blankenship's motion to allow attachment to his brief because the proposed attach-

_____

**4** We also reject Blankenship's allegation that Dr. Branscomb's opinion is hostile to the Black Lung Benefits Act. Contrary to Blankenship's assertions, Dr. Branscomb expressly denies that simple pneumoconiosis is never disabling. Rather, he states that in Blankenship's case there is no disability due to pneumoconiosis.

**5** See Warth v. Southern Ohio Coal Co., 60 F.3d 173 (4th Cir. 1995).
**6** The proposed attachment merely deals with the qualifications of one of the physicians who read his x-rays.

4

ment was not presented before the Board[7] and because we find that nothing in the proposed attachment is relevant to an issue before the court.[8] Finally, we deny the employer's motion to strike Blankenship's brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

_____

[7] **See** Fed. R. App. P. 16(a).

[8] Blankenship alleges that the proposed attachment stands for the proposition that a miner suffering from pneumoconiosis can exhibit both obstructive and restrictive impairments. We find that this proposition is not in dispute.

5