**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

IRVIN M. CLARK,
Petitioner,

v.

EAGLE NEST, INCORPORATED;

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,
Respondents.

No. 98-1692

On Petition for Review of an Order
of the Benefits Review Board.
(97-1343-BLA)

Submitted: October 27, 1998

Decided: December 2, 1998

Before WIDENER, WILKINS, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Roger D. Forman, FORMAN & CRANE, L.C., Charleston, West Vir-
ginia, for Petitioner. William S. Mattingly, JACKSON & KELLY,
Morgantown, West Virginia, for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Irvin M. Clark seeks review of the Benefits Review Board's ("Board") decision and order affirming the administrative law judge's ("ALJ") denial of black lung benefits pursuant to 30 U.S.C.A. §§ 901-945 (West 1986 & Supp. 1998). The ALJ evaluated this claim under 20 C.F.R. Part 718 (1997) of the applicable regulations and found the medical opinion evidence of record sufficient to show Clark's total disability, but insufficient to establish that Clark suffered from pneumoconiosis caused in part by coal mine dust. The Board affirmed the ALJ's findings. Finding no reversible error, we affirm.

The X-ray evidence consisted of thirty-six readings of nine films. Clark contends the ALJ erred by allowing the Employer to admit evidence of the readings because it was cumulative. Specifically, he contends that without limits on evidence, "[t]here is no way to compete with the moneyed interests." Appellant's Br. at 4. The ALJ found the evidence relevant with regard to several contested issues. Clark fails to indicate how the ALJ's decision was in error. Merely citing to the quantity of evidence is insufficient to show that it is cumulative or repetitive. We therefore find that the ALJ did not abuse his discretion in admission of evidence. See Underwood v. Elkay Mining, Inc., 105 F.3d 946, 949 (4th Cir. 1997) (ALJ's decision to admit evidence is reviewed for abuse of discretion).

Clark also contends the ALJ evaluated the X-ray evidence merely by noting that there were more negative readings than positive readings. The ALJ did more than merely count the X-rays. In fact, the ALJ stated that the party with greatest number of medical opinions is not automatically entitled to prevail. He reviewed the relevant qualifications of all the X-ray readers and noted that the more qualified readers did not find pneumoconiosis. See Adkins v. DOWCP, 958 F.2d 49, 52 (4th Cir. 1992) (primary method of evaluating the reliability of an

2

expert's opinion is her expertise and qualifications). Contrary to Clark's contention, the ALJ's reasoning is obvious, and his finding that the X-ray evidence did not establish pneumoconiosis is supported by substantial evidence. See Doss v. DOWCP, 53 F.3d 654, 658 (4th Cir. 1995).

Clark also contends the ALJ erred by refusing to evaluate the bias of the Employer's physicians or to recognize their hostility to the premises of the Federal Black Lung Act. In Underwood, we stated, albeit in dicta, that an ALJ should consider whether an expert's opinion was based on an independent examination of the record or was "the product of bias in favor of the party retaining the expert and paying the fee." Underwood, 105 F.3d at 951. The Supreme Court has held, however, that bias cannot be presumed merely because an expert is compensated for his opinion. See Richardson v. Perales, 402 U.S. 389, 403 (1971). Clark identifies no other factor suggestive of bias in this case. Thus, the ALJ properly considered the reports of the employer's physicians.

Clark claims that the ALJ erred by crediting the opinions of Drs. Crisalli, Castle and Zaldivar because those opinions were premised on the view, discredited in our decision in Warth v. Southern Ohio Coal Co., 60 F.3d 173 (4th Cir. 1995), that coal dust exposure cannot cause or contribute to an obstructive disorder. The ALJ did not consider Dr. Zaldivar's conclusions in making his findings. As for Crisalli and Castle, both physicians supported their opinions with objective evidence and Clark's thirty-year history of smoking. Substantial evidence thus supports the ALJ's reliance on their opinions.

We also find substantial evidence supports the ALJ's rejection of the opinions of Drs. Walker and Rasmussen. Dr. Rasmussen's report contained very little relevant information concerning Clark's disability. As for Dr. Walker, the ALJ assigned his opinion less weight because the record did not contain his qualifications. Clark contends that the ALJ erred in "giving [his opinion] less weight because a silly piece of paper is missing, when his evidence is so critical." We have previously stated that experts' respective qualifications are important indicators of the reliability of their opinions. See Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 440, 441 nn.1-2 (4th Cir. 1997);

3

Adkins, 958 F.2d at 52. Since Dr. Walker's qualifications were not in the record, the ALJ did not err in assigning his opinion less weight.

Accordingly, we affirm the decision of the Board. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4